Robert J. Phillips
GARLINGTON, LOHN & ROBINSON, PLLP
350 Ryman Street • P. O. Box 7909
Missoula, MT  59807-7909
Phone (406) 523-2500
Fax (406) 523-2595
rjphillips@garlington.com

Attorneys for Plaintiff Markel American Insurance Company

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MARKEL AMERICAN INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>CLEARVIEW HORIZON, INC., MIKE LINDERMAN, and MICHELE MANNING<br><br>Defendants. | COMPLAINT FOR DECLARATORY JUDGMNET |

Plaintiff Markel American Insurance Company ("MAIC") for its claim against Defendants, alleges as follows:

1. MAIC is a corporation organized and existing under the laws of the state of Virginia, and has its principal place of business in Henrico County, Virginia.

2. Defendants are Clearview Horizon, Inc., a corporation organized and existing under the laws of the state of Montana with its principal place of business in Sanders County, Montana.  Mike Linderman and Michele Manning are individuals and are residents and citizens of the state of Montana.

3. Jurisdiction in this Court is proper pursuant to 28 U.S.C. §1332 because this is an action between citizens of different states and the amount in controversy exceeds the value of $75,000, exclusive of interest and costs of suit.

4. Venue is proper pursuant to 28 U.S.C. § 1392 because a substantial part of the events or omissions giving rise to this claim occurred within this judicial district, including the pendency of the underlying actions.

5. MAIC issued policy number QBSMMN000711 to the Defendant Clearview Horizon, Inc. on a Claims Made basis for the period of October 16, 2020 to October 16, 2021 (the "Policy").  A true and Correct copy of the policy of insurance is attached hereto as Exhibit A.

6. On January 28, 2021, Madeline Cole, Mackenzie Corinne Hoyer, Julianna Peluso, Allanah Terrett, Emily Carter, Stephanie Kaiser, Suzannah Scarcello, Anna Bryant, Christina Ward, and Jane Does 1-100 filed a lawsuit

against Defendants, in the District Court of the Twentieth Judicial District of the State of Montana, in and for the County of Sanders, under Cause No. DV 21-09 (the "Cole Lawsuit"). A true and correct copy of the Complaint commencing that action is attached hereto as Exhibit B.

7. On April 19, 2021, Andrea Newby and Jane Does 1-100 filed a lawsuit against Defendants, in the District Court of the Twentieth Judicial District of the State of Montana, in and for the County of Sanders, under Cause No. DV 21-28 (the "Newby Lawsuit"). A true and correct copy of the Complaint commencing that action is attached hereto as Exhibit C. Collectively, the Cole Lawsuit and the Newby Lawsuit are referred to as "the Lawsuits." The allegations in the Lawsuits are nearly identical. The allegations in the Lawsuits claim, *inter alia* damages resulting from the provision of or failure to provide psychiatric services, resulting in mental distress and mental anguish.

8. Pursuant to the terms of the Policy, there is no coverage for any of the claims made in the Lawsuits for any of the Defendants. MAIC has no duty to defend or indemnify any of the Defendants for any of the claims made in the lawsuits.

9. The Policy provides in pertinent part as follows:

3

## GENERAL TERMS AND CONDITIONS

In consideration of the premium paid and in reliance upon the statements made and information furnished to the Insurer in the **Application**, which is made a part hereof, and subject to the terms, conditions and limitations of this policy, the Insurer and the **Insureds** agree as follows:

### SECTION I – TERMS AND CONDITIONS

This policy is comprised of these GENERAL TERMS AND CONDITIONS, the Declarations, various Coverage Parts and endorsements, if applicable, and the **Application**. Although various Coverage Parts may be referenced in this policy, a Coverage Part is included within this policy only if that Coverage Part is stated as being purchased in the Coverage Schedule in Item 5. of the Declarations. Further a Coverage Extension shall be available only if a Limit amount is stated in the Declarations for each such extension.

Except for these GENERAL TERMS AND CONDITIONS or unless stated to the contrary in any Coverage Part or endorsement, the terms and conditions of each Coverage Part of this policy apply only to that Coverage Part and shall not apply to any other Coverage Part of this policy. Any defined term referenced in the GENERAL TERMS AND CONDITIONS but defined in a Coverage Part shall, for purposes of coverage under that Coverage Part, have the meaning set forth in that Coverage Part. If any provision in the GENERAL TERMS AND CONDITIONS is inconsistent or in conflict with the terms and conditions of any Coverage Part, the terms and conditions of such Coverage Part shall control for purposes of that Coverage Part.

10. The Policy contains the following definitions:

B.    **Claim** means, with respect to each purchased Coverage Part, those matters defined as a **Claim** in each such Coverage Part. For the purpose of the Employment Practices and Third Party Discrimination Liability Coverage Part, if purchased, **Claim** includes any **Employment Practices Claim** and **Third Party**

      **Discrimination Claim** and **Wage and Hour Claim**.

**C.**    **Claim Expenses** means reasonable and necessary fees, costs and expenses incurred by:

    **1.**   The Insurer, if duty to defend coverage has been purchased for the applicable Coverage Part;

    **2.**   The **Insureds**, if duty to defend coverage has not been purchased for the applicable Coverage Part;

    In the defense or appeal of that portion of any **Claim** for which coverage is afforded under this policy, including without limitation court costs, costs of bonds to release attachments and similar bonds, but without any obligation of the Insurer to apply for or furnish any such bonds; provided, however, that **Claim Expenses** shall not include salary, wages, overhead, benefit expenses or charges of any kind associated with **Insured Persons** or the Insurer.

       .  .  .

**M.**   **Insured** means, with respect to each purchased Coverage Part, the entities, **Plans** and natural persons defined as an **Insured** in each such Coverage Part.

**N.**   **Interrelated Wrongful Acts** means all **Wrongful Acts**, including all **Wrongful Employment Practices**, that have as a common nexus any fact, circumstance, situation, event, transaction, cause or series of related facts, circumstances, situations, events, transactions or causes.

       .  .  .

**P.**    **Loss** means, with respect to each purchased Coverage Part, the amounts defined as **Loss** in each such Coverage Part.

       .  .  .

S.  **Organization** means, collectively, the **Parent Organization** and its **Subsidiaries**, including any such organization as a debtor in possession under United States bankruptcy law or an equivalent status under the law of any other country.

T.  **Parent Organization** means the organization stated in Item 1. of the Declarations.

. . .

HH.  **Wrongful Act** means, with respect to each purchased Coverage Part, any act, error, omission and other matter defined as a **Wrongful Act** in each such Coverage Part. For purposes of SECTION I - INSURING AGREEMENTS A in the EMPLOYMENT PRACTICES AND THIRD PARTY DISCRIMINATION LIABILITY COVERAGE PART, if purchased, **Wrongful Act** means a **Wrongful Employment Practice**. For purposes of SECTION II - EXTENSIONS A in the EMPLOYMENT PRACTICES AND THIRD PARTY DISCRIMINATION LIABILITY COVERAGE PART if purchased, **Wrongful Act** means a **Wage and Hour Wrongful Act**.

10. The Policy contains the following Exclusion:

    **Endorsement MML 1335 06 12**

    **EXCLUSION – ABSOLUTE BODILY INJURY AND PROPERTY DAMAGE**

    This endorsement modifies insurance provided under the following:

    X   DIRECTORS AND OFFICERS LIABILITY COVERAGE PART
    X   EMPLOYMENT PRACTICES AND THIRD PARTY DISCRIMINATION LIABILITY COVERAGE PART
        FIDUCIARY LIABILITY COVERAGE PART

6

The following amended the **EXCLUSIONS** of the Coverage Part(s) indicated above:

Exclusion **F.** of the Directors And Officers And Organization Liability Coverage Part or Directors And Officers And Company Liability Coverage Part and Exclusion **C.** of the Fiduciary Liability Coverage Part are replaced by the following:

**Bodily Injury And Property Damage Exclusion**

Based upon, arising out of, or in any way involving any actual or alleged bodily injury, mental anguish, emotional distress, sickness, disease or death of any person or damage to or destruction of any tangible property including loss of use thereof.

All other terms and conditions remain the same.

11. The Policy also contains the following exclusion:

**Endorsement MML 1314 01 16**

### HEALTHCARE PROFESSIONAL LIABILITY EXCLUSION

This endorsement modifies all insurance provided under the following for which a check mark (X) appears:

  X  GENERAL TERMS AND CONDITIONS
  X  DIRECTORS AND OFFICERS LIABILITY COVERAGE PART
  X  EMPLOYMENT PRACTICES AND THIRD PARTY DISCRIMINATION LIABILITY COVERAGE PART
     FIDUCIARY LIABILITY COVERAGE PART

In consideration of the premium paid, it is hereby understood and agreed that the policy is amended as follows:

7

**A.** The Insurer shall not be liable under the above marked Coverage Part(s) to pay any **Loss** on account of, and shall not be obligated to defend, any **Claim** against any **Insured** based upon, arising out of, or any way involving the rendering of or failure to render professional services in connection with an **Insured's** business as a provider of medical services, including without limitation:

1. Providing medical, surgical, dental, psychiatric or nursing treatment, care, diagnosis or services, including the furnishing of food or beverage in connection therewith;

2. Providing testing services used in the diagnosis, monitoring, and/or treatment of disease or any other medical condition;

3. Furnishing or dispensing drugs or medical, dental or surgical supplies or appliances;

4. Handling or conducting postmortem examination on humans;

5. Providing veterinary services;

6. In connection with the **Insured's** business as a **Managed Care Organization**, establishing provider networks, contracting with other healthcare providers, processing, investigating, adjusting, or managing claims for benefits or coverage under healthcare plans, managing medical cases, or enrolling, designing, administering, managing, advertising, marketing or selling healthcare benefit plans; or

7. Giving advice in connection with any of the above.

8

12. Notwithstanding the lack of any duty to defend or indemnify the Defendants from any of the claims made in the Lawsuits, MAIC has elected to retain counsel to defend the Defendants against the claims made in the Lawsuits.

13. A dispute exists between the parties as to existence of a duty to defend or indemnify the Defendants from and against the claims made in the Lawsuits. MAIC requests that this Court declare that MAIC has no duty to defend or indemnify Defendants from and against the claims made against them in the Lawsuits under the MAIC Policy, for the reasons set forth above. A judicial determination and declaration of the rights and obligations of the parties is necessary and appropriate at this time because no adequate or speedy remedy at law exists for the resolution of this controversy.

## PRAYER FOR RELIEF

Plaintiff Markel American Insurance Company respectfully requests that this Court enter judgment as follows:

1. For a declaration and judgment that MAIC is not obligated to provide a defense to Clearview Horizon Inc., and/or Mike Linderman and Michele Manning, the Defendants in the Lawsuits;

2. For a judgment that MAIC is entitled to reimbursement for such funds as it has expended in the defense of the Defendants despite having no duty to do so;

3.  For costs of suit; and

4.  For such other amounts as this Court deems just and proper.

DATED this 10th day of June, 2021.


                    /s/  Robert J. Phillips
            Attorneys for Plaintiff Markel American
            Insurance Company