IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MARKEL AMERICAN INSURANCE COMPANY,<br><br>                    Plaintiff,<br><br>        vs.<br><br>CLEARVIEW HORIZON, INC., MIKE LINDERMAN, and MICHELE MANNING,<br><br>                    Defendants. | CV 21–73–M–DLC<br><br><br>ORDER |

---

| | |
|---|---|
| CLEARVIEW HORIZON, INC.,<br><br>                    Counterclaimant and<br>                    Third-Party Plaintiff,<br><br>        vs.<br><br>MARSH & MCLENNAN AGENCY, LLC, a foreign limited liability company (formerly known as PAYNEWEST INSURANCE, INC.),<br><br>                    Third-Party Defendant. | |

Before the Court is Mackenzie Corinne Hoyer, Julianna Peluso, Allanah
Terrett, Emily Carter, Stephanie Kaiser, Suzannah Scarcello, Anna Bryant, and
Christina Ward's ("Underlying Plaintiffs") Motion to Intervene Pursuant to Rule

–1–

24(b)(1)(B), Fed. R. Civ. P.  (Doc. 18.)  Underlying Plaintiffs are plaintiffs in the lawsuit underlying the above-captioned insurance coverage declaratory action. (Doc. 19 at 2; Doc. 1; Doc. 1-2.)  Underlying Plaintiffs contend that "[q]uestions exist as to whether" the conduct underlying their lawsuit "constituted simply unreasonable conduct under the circumstances, rather than specifically constituting medical or psychiatric treatment or services."  (Doc. 19 at 2.)  This distinction is potentially relevant because of the terms and coverage exclusions of the insurance policy at issue in this case, particularly the Healthcare Professional Liability Exclusion.  (Doc. 1 at 3–9.)  Underlying Plaintiffs contend that they "directly possess[] the necessary information for the case's determination."  (Doc. 19 at 3.) Clearview Horizon does not oppose the motion, but Markel American Insurance Company ("MAIC") opposes the motion.  (Doc. 18 at 2.)

MAIC contends that the Underlying Plaintiffs "do not have a direct, substantial, or legally protectable interest in the insuring agreement at issue" in this case, and their "mere economic expectancy is inadequate for purposes of permissive intervention"; MAIC further argues that the Underlying Plaintiffs "provide no reason at all . . . why their interests are not adequately represented by counsel for Clearview Horizons[.]"  (Doc. 20 at 3.)  MAIC argues that there are no common issues of law or fact between the claims asserted by the Underlying

Plaintiffs and this lawsuit because Underlying Plaintiffs' lawsuit "arise[s] out of the alleged conduct of employees and/or agents of Clearview Horizons and the alleged damages caused to the Underlying Plaintiffs," while this case "depends on interpreting the coverage limitations contained in the Policy at issue." (*Id.* at 5–9.) MAIC also asserts that Underlying Plaintiffs "are not better equipped to argue the coverage issues than Clearview Horizons." (*Id.* at 10.)

Underlying Plaintiffs respond that (1) Montana public policy provides that the insurance policy exists more for the benefit of Underlying Plaintiffs than for the protection of Clearview Horizons; (2) Clearview Horizons may not adequately represent Underlying Plaintiffs' interests because of their adversity in the underlying lawsuit; (3) common questions of law and fact exist because "Underlying Plaintiffs exclusively possess the information as to the exact nature of the harm they suffered, and in what specific circumstances they suffered it[,]" which is relevant to "whether the harm they have suffered falls within MAIC's insuring agreement"; and (4) although MAIC cites some cases in which courts have denied permissive intervention to similarly situated parties, there is no bright line authority requiring denial. (Doc. 21 at 2–6.)

Under Rule 24(b), this Court may permit a party to intervene if they assert "a claim or defense that shares with the main action a common question of law or

fact." Fed. R. Civ. P. 24(b)(1)(B).  To be eligible for permissive intervention, a party must meet three threshold requirements, including that: (1) it shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims. *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998).  "Even if an applicant satisfies those threshold requirements, the district court has discretion to deny permissive intervention." *Id.*  In exercising its discretion, the Court "must consider whether intervention will unduly delay the main action or will unfairly prejudice the existing parties." *Id.*  "[P]ractical and equitable considerations are the guiding light in Rule 24 determinations." *Donald J. Trump for President, Inc. v. Bullock*, No. CV 20-66-H-DLC, 2020 WL 5517169, at *1 (Sept. 14, 2020).

As a threshold matter, although MAIC contends that "Underlying Plaintiffs have not met their burden of meeting *any* of the elements of permissive intervention" (Doc. 20 at 10), MAIC does not argue that the motion is untimely or that Underlying Plaintiffs' intervention would raise any jurisdictional concerns. The Court concludes that the motion is timely because it was filed early in this litigation; the preliminary pretrial conference has not yet occurred, and no other motions are pending.  Underlying Plaintiffs' proposed intervention does not raise any jurisdictional concerns because they do not seek to assert any new claims in

this matter.  (Doc. 24.)  Thus, the only meaningfully contested intervention requirement is whether Underlying Plaintiffs share a common question of fact or law with this main action.

Some of the concerns cited by MAIC—namely Underlying Plaintiffs' interest in the insurance agreement and adequate representation by the existing parties—are considerations primarily applicable to intervention of right under Rule 24(a)(2) rather than permissive intervention under Rule 24(b).  *See Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 817 (9th Cir. 2001).  The Court nevertheless considers these arguments to the extent they are relevant to the exercise of its discretion under Rule 24(b).

Most of the cases cited by MAIC in which courts denied permissive intervention to underlying plaintiffs in declaratory insurance actions are distinguishable from the present case because the facts of those underlying cases were irrelevant to the coverage determination.  For example, in *Mt. Hawley Insurance Company v. Sandy Lake Properties, Inc.*, 425 F.3d 1308 (11th Cir. 2005), the insurance coverage dispute turned on whether the insured refused to notify the insurer of the underlying lawsuit and refused to cooperate in the defense; the court of appeals held that the district court did not abuse its discretion in denying permissive intervention because the insurer's claims of lack of

cooperation were "irrelevant to the issue of fault in the [underlying] wrongful death action." *Id.* at 1312.  Likewise, in *Liberty Mutual Insurance Company v. Treesdale, Inc.*, 419 F.3d 216 (3d Cir. 2005), the declaratory action concerned whether the insured's coverage was exhausted, which was unrelated to the facts of the underlying lawsuit.  *Id.* at 219, 227–28.

Here, by contrast, the insurance coverage dispute centers on whether the terms of the policy exclude coverage for the underlying lawsuit because of the nature of Underlying Plaintiffs' claims.  (Doc. 1 at 3–9.)  Underlying Plaintiffs, like Defendants, deny MAIC's allegation that there is no coverage under the Policy for Underlying Plaintiffs' lawsuit.  (Doc. 1 at 3; Doc. 12 at 2–3; Doc. 24 at 2.)  The factual or legal issues to be resolved in the underlying lawsuit—*e.g.*, the nature of Defendants' alleged duty of care to Underlying Plaintiffs or the specific acts or omissions alleged to have breached such a duty (*see generally* Doc. 1-2)—are likely to be relevant to the factual or legal issues underlying the coverage dispute here—*e.g.*, whether those allegedly negligent acts or omissions constituted medical services that fall within the Healthcare Professional Liability Exclusion (*see* Doc. 1 at 7–9).  Accordingly, this is not a case in which the proposed intervenors' interest is merely "an allegedly impaired ability to collect judgments arising from past claims," nor does it "create an open invitation for virtually any creditor of a

–6–

defendant to intervene in a lawsuit where damages might be awarded." *United States v. Alisal Water Corp.*, 370 F.3d 915, 920 (9th Cir. 2004).  Rather, it is Underlying Plaintiffs' claims that must be analyzed in relation to the terms of the insurance contract at issue in this case, and the facts they uniquely possess in support of those claims likely will be relevant to this insurance coverage dispute. Although MAIC is correct that another district court denied intervention by underlying plaintiffs in similar circumstances, *see Oregon Mut. Ins. Co. v. Ham & Rye, LLC*, No. C10-579RJB, 2010 WL 11688489, at *3 (W.D. Wash. May 4, 2010), the Court concludes that the breach of contract claims at issue in that underlying case are distinguishable from the fact-intensive negligence claims underlying this case.  The Court concludes that Underlying Plaintiffs have shown that they share common questions of law or fact with this action.

Moreover, the Court is persuaded that the potential benefits of allowing Underlying Plaintiffs to intervene outweigh any resulting burdens on the parties or potential delays.  Underlying Plaintiffs may be better positioned than Defendants to present some arguments or evidence concerning the nature of their claims, which would enable efficient resolution of this case on a complete evidentiary record.  Permissive intervention is appropriate where, as here, intervention serves the "obvious benefits of . . . efficiency and consistency[.]"  *Sec. Ins. Co. of*

–7–

*Hartford v. Schipporeit, Inc.*, 69 F.3d 1377, 1381 (7th Cir. 1995) (holding that intervention of right and, alternatively, permissive intervention by underlying plaintiff was appropriate in declaratory insurance action).  Furthermore, MAIC "can hardly be said to be prejudiced by having to prove a lawsuit it chose to initiate." *Id.*  However, in the interest of limiting potential delay and prejudice, Underlying Plaintiffs' intervention will be limited as set forth below.  *See Nationwide Mut. Ins. Co. v. Richardson*, 270 F.3d 948, 951 (D.C. Cir. 2001).

Accordingly, IT IS ORDERED that Underlying Plaintiffs' Motion to Intervene (Doc. 18) is GRANTED as follows:

(1) Underlying Plaintiffs are hereby granted leave to intervene as defendants in this matter pursuant to Federal Rule of Civil Procedure 24(b)(1)(B);

(2) Underlying Plaintiffs shall comply with all deadlines in any scheduling order filed in this case; and

(3) Underlying Plaintiffs shall confer with counsel for Defendants on all motions and briefs to avoid repetitious arguments to the extent consistent with Underlying Plaintiffs' interests.

DATED this 16th day of November, 2021.

Dana L. Christensen, District Judge
United States District Court