IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CLEARVIEW HORIZON, INC., | CV 21–73–M–DLC |
| Third-Party Plaintiff, | |
| v. | ORDER |
| MARSH & MCLENNAN ANGENCY, LLC, a foreign limited liability company (formerly known as PAYNEWEST INSURANCE, INC.), | |
| Third-Party Defendants. | |

Before the Court is Marsh & McClennan Agency, LLC's ("MMA") Motion for Summary Judgment to Challenge the Enforceability & Amount of the Stipulated Judgment. (Doc. 111.) For the reasons herein, the Motion is GRANTED.

**FACTUAL AND PROCEDURAL BACKGROUND[1]**

This case initiated as a declaratory judgment action by Markel American Insurance Company ("MAIC"). Initially, this case involved only MAIC, Clearview Horizon Inc. ("Clearview"), Mike Linderman, and Michelle Manning. MAIC sought a judicial determination that it had no duty to defend or indemnify

---

[1] The facts set forth below consist of those facts which are undisputed or have been deemed substantively undisputed by the Court. For a more detailed factual background, see the Court's March 31, 2023 Order (Doc. 91).

Clearview, Linderman, and Manning in what is now a single lawsuit ("Underlying Action") filed in Sanders County by Mackenzie Corrinne Hoyer, Julianna Peluso, Allanah Terrett, Emily Carter, Stephanie Kaiser, Suzannah Scarcello, Anna Bryant, and Christina Ward (collectively "Underlying Plaintiffs").

Clearview added MMA and Markel Insurance Company ("MIC") as Third-Party Defendants to this case. MMA was Clearview's insurance agent. MMA is not an insurer and never issued Clearview any policy of insurance; rather, MMA procured certain policies of insurance for Clearview. Clearview brought claims against MMA for negligence, negligent misrepresentation, constructive fraud, and fraudulent concealment. Clearview does not allege that MMA had a duty to defend or indemnify Clearview.

In discovery, Clearview indicated that "the proper measure of damages" against MMA was what "would have been covered had the insurance been properly obtained" plus premiums. Clearview also indicated that agents are liable for the amount the insurer would have owed the would-be insured under the terms of the insurance contract.

While Clearview had added MMA to this lawsuit as a third-party defendant, Clearview and MMA nonetheless understood that they had a common interest in evaluating the potential of insurance coverage for Clearview in the Underlying Action. Clearview and MMA therefore worked together in furtherance of that goal

and agreed that if there was coverage for the damages asserted by the Underlying Plaintiffs, Clearview's claims against MMA would be moot.

Following MMA's appearance in this case, the Underlying Plaintiffs moved to intervene and the Court granted the Underlying Plaintiffs intervention.

On March 31, 2023, the Court granted summary judgment in favor of MAIC, finding that it had no duty to defend Clearview, Linderman, and/or Manning in the Underlying Action. The Court also granted summary judgment in favor of MIC, finding that MIC's policies did not provide coverage for the claims in the Underlying Action.

Seven months later, in the Underlying Action, Clearview and the Underlying Plaintiffs entered into a Stipulated Judgment, which is the subject of the present motion. The Stipulated Judgment includes a Covenant Not to Execute ("the Covenant"). The Covenant provides that "Plaintiffs hereby covenant that they will not levy the execution on, or in any other matter seek at any time to enforce the Stipulated Judgment against any asset held by Clearview, or its owners, or directors." Underlying Plaintiffs also agreed "to limit collection by any legal means only upon and against [MMA] and/or its insurers, available insurance or recovery for claims relating to coverage or procuring coverage." In addition, Underlying Plaintiffs agreed that the Stipulated Judgment would not be considered a lien on any real or personal property held by Clearview or its owners, officers, or

directors and the Underlying Plaintiffs waived the right to file a lien.

Recognizing that the issue of enforceability of the Stipulated Judgment was critical to Clearview's claims against MMA, the Court set a deadline for MMA to file any motion challenging the validity or amount of the Stipulated Judgment. MMA filed the present motion, arguing that the Stipulated Judgment is not enforceable against MMA. The motion is now ripe for ruling.

## LEGAL STANDARD

The Court can resolve an issue summarily if "there is no genuine dispute as to any material fact" and the prevailing party is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is genuine when there is sufficient evidence for a reasonable factfinder to return a verdict for the other party. *Id.* If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue of fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). With these principles in mind, the Court turns to the merits of the issues presented.

## DISCUSSION

MMA argues that the Stipulated Judgment is not enforceable or probative of the measure of potential damages against it because MMA is not an insurer. (Doc.

109 at 17.) MMA further contends that even if a Stipulated Judgment could be expanded to insurance agencies such as MMA, it cannot be applied in this case because MMA did not have a duty to defend Clearview. (*Id.*)

In response, Clearview agrees that MMA is not an insurer which breached its duty to defend, but that Clearview nonetheless states a proper cause of failure to procure action. (Doc. 114 at 5–6.) Clearview admits that it "has not located any Montana or foreign authority which identifies a stipulated judgment as admissible evidence of damages." (*Id.* at 9.) Interestingly, Clearview notes that the Court's "function in diversity cases is to narrowly apply Montana law; not expand it," while simultaneously requesting the Court expand the law on enforcement of confessed judgments beyond the context of an insurer's duty to defend. (*Id.* at 9.) The Court declines the request.

Recognizing a lack of controlling law on the issue, the Court finds *Espenschied Transp. Corp. v. Fleetwood Servs.*, 422 P.3d 829 (Utah 2018), a Utah Supreme Court case, persuasive. In that case, an insured was sued for wrongful death. *Espenschied*, 422 P.3d at 831. The insured defended itself in the action and ultimately entered into a settlement agreement that was reduced to a judgment. *Id.* As part of the agreement, the underlying plaintiffs agreed that they would not pursue the insured until the insured's claims against the insurance broker and the insurer were resolved. *Id.* at 832. The insured also agreed to pursue and prosecute

any claims it may have against the insurance broker and the insurer and agreed to hire the underlying plaintiffs' attorney to do so. *Id.*

The insured brought breach of contract and negligence claims against the insurance broker. *Id.* at 833. The insured argued that the case law applicable to insurers who breach their duty to defend should be extended to insurance brokers, such that the settlement agreement between the insured and the underlying plaintiffs could be used to show harm to the insured caused by the broker. *Id.* The court rejected the argument, finding that "the policy considerations behind recovery for breach of an insurer's fiduciary duty to defend [do not] extend to a breach of contract or duty to procure insurance." *Id.* at 833.

Similarly, here, Clearview seeks to use evidence of the Stipulated Judgment amount in its case against MMA, despite an absence of "authority which identifies a stipulated judgment as admissible evidence of damages." (Doc. 114 at 9.) But MMA is not an insurer, and it did not have a duty to defend Clearview. (Doc. 115 at 3.) The public policy considerations that support recovery for an insurer's breach of fiduciary duty do not extend to agents and brokers like MMA. As such, the Court finds that the Stipulated Judgment and Covenant are not relevant to the amount of damages Clearview and the Underlying Plaintiffs are entitled to recover from MMA, and, therefore, the Stipulated Judgment is inadmissible and unenforceable against MMA.

The Court declines—at this stage of the proceedings—to dismiss Clearview's case against MMA in its entirety. If Clearview establishes liability, there may be another path for establishing damages against MMA.

## CONCLUSION

The Stipulated Judgment is inadmissible and unenforceable against MMA. Clearview has failed to establish a genuine dispute as to any material fact and MMA is entitled to judgment as a matter of law on the enforceability and admissibility of the Stipulated Judgment.

Accordingly, IT IS ORDERED that the Motion (Doc. 111) is GRANTED. The Stipulated Judgment is inadmissible and unenforceable against MMA.

IT IS FURTHER ORDERED that lead counsel for the respective parties shall appear in person in the Chambers of United States District Judge Dana L. Christensen on February 5, 2025, at 1:30 p.m. for a preliminary pretrial conference.

IT IS FURTHER ORDERED that on or before January 29, 2025, the parties shall file a joint discovery plan, each party shall file a preliminary pretrial statement, and Clearview shall file a statement of stipulated facts.

DATED this 19th day of November, 2024.

Dana L. Christensen, District Judge
United States District Court